**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MISAEL VENCES MAYA, AKA Misael Maya, AKA Leonel Morales Carmona, AKA Misael Quintero, | No.    16-73285 |
| Petitioner, | Agency No. A077-287-810 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2018**
Pasadena, California

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Misael Vences Maya, a citizen of Mexico, petitions for review of a decision

of the Board of Immigration Appeals (BIA) affirming an immigration judge (IJ)

determination that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).  We

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

previously granted Vences Maya's petition for review of the same removability determination and remanded for reconsideration in light of our intervening opinion of *Medina-Lara v. Holder*, 771 F.3d 1106 (9th Cir. 2014). 621 F. App'x 378 (9th Cir. 2015). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

California Health and Safety Code § 11377(a) is a divisible statute as to the type of controlled substance possessed. *Coronado v. Holder*, 759 F.3d 977, 983-85 (9th Cir. 2014); *accord United States v. Ocampo-Estrada*, 873 F.3d 661, 668 & n.4 (9th Cir. 2017).[1] Therefore, we look to a "limited set of documents to determine which statutory phrase was the basis for" Vences Maya's conviction. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (en banc) (internal quotation mark and citation omitted).

Here, the government must prove the link between the abstract of judgment (which does not identify a particular controlled substance) and the charging document (which specifies that the charge was for possession of methamphetamine) by clear and convincing evidence. *Medina-Lara*, 771 F.3d at 1113. We find that the government has met its burden. Unlike in *Medina-Lara*, where there were "three competing explanations" for the record's ambiguity, *id.* at

---

[1] While *Coronado* may have placed "undue emphasis on the disjunctive-list rationale" approach to divisibility, *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) (en banc), Vences Maya does not argue that *Martinez-Lopez* overruled it.

1115, there is a single, and persuasive, explanation for the listing of "Count 5a" instead of "Count 5" on the abstract of judgment: the additional letter matches the charge to the corresponding case number. Vences Maya is therefore removable as charged.

**PETITION DENIED.**